## CIRCUIT COURT OF ALBEMARLE COUNTY

Andrew S. Pendray

v.

Rector and Visitors
of the University of Virginia

November 1, 1996

Case No. CH96-10,105

BY JUDGE PAUL M. PEATROSS, JR.

This matter comes before the Court on an appeal pursuant to Va. Code § 23-7.4 of University of Virginia's denial of the application of plaintiff, Andrew S. Pendray, for Virginia in-state tuition status.

Va. Code § 23-7.4 provides:

> In order to become eligible for in-state tuition, an independent student shall establish by clear and convincing evidence that for a period of at least one year immediately prior to the date of the alleged entitlement, he was domiciled in Virginia and had abandoned any previous domicile, if such existed . . . .
>
> In determining domiciliary intent, all of the following applicable factors shall be considered: continuous residence for at least one year prior to the date of alleged entitlement, state to which income taxes are filed or paid, driver's license, motor vehicle registration, voter registration, employment, property ownership, sources of financial support, location of checking or passbook savings accounts and any other social or economic relationships with the Commonwealth and other jurisdictions. Domiciliary status shall not ordinarily be conferred by the performance of acts which are auxiliary to fulfilling educational objectives or are required or routinely performed by temporary residents of the Commonwealth. Mere physical presence or residence primarily for educational purposes shall not confer domiciliary status . . . .

· A matriculating student who has entered an institution classified as out-of-state shall be required to rebut by clear and convincing evidence the presumption that he is in the Commonwealth for the purpose of attending school and not as a bona fide domicile.

In 1994, plaintiff entered the University of Virginia as an out-of-state undergraduate student pursing a Bachelor of Science degree. He applied for Virginia in-state student status on November 8, 1995, which was denied by the Director of the Committee on Virginia Status of University Students on November 11, 1995. Plaintiff notified the university of his intention to appeal that decision on December 3, 1995, and a panel of University personnel, composed of George Triantis, Kitty Smiley, and Michael Satlow, heard Plaintiff's appeal on February 12, 1996. In a unanimous decision, plaintiff's appeal was denied. After a review of the Committee's findings on the record, University President John T. Casteen, III, affirmed the Committee's decision on May 10, 1996.

Plaintiff filed a claim in the Albemarle County Circuit Court pursuant to Va. Code § 23-7.4(H), which grants parties aggrieved by a final administrative decision the right to review in circuit court. This Court is instructed within the purview of that statute that review by a circuit court is "only to determine whether the decision reached by the institution could reasonably be said, on the basis of the record, to be supported by substantial evidence and not to be arbitrary, capricious or otherwise contrary to law."

Upon review of the record, the decision by the University of Virginia is clearly supported by substantial evidence on the record. The following facts are relevant to this holding. Plaintiff resided in Connecticut from 1984 until coming to the University as a student in 1994. He attained summer employment in 1994 in Connecticut where his parents currently reside. Although he asserts that he intends to seek employment in Northern Virginia upon graduating, he has not attained an agreement for postgraduate permanent employment within the state, and his testimony before the Committee indicated that he would take out-of-state employment if an attractive opportunity were to arise. Even considering that plaintiff is a former Virginia resident, he has family within the state, and he filed a Virginia tax return in 1994, the evidence on the record indicates that it may reasonably be said that the findings of the University are supported by substantial evidence.

Accordingly, the decision of the University to deny plaintiff's request for in-state student status is upheld.